**FILED**
**U.S. District Court**
**District of Kansas**
06/05/2026
**Clerk, U.S. District Court**
**By:** _JAL_ **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| KEINER FARITH ASPRILLA MOSQUERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 26-3132-JWL |
| | ) | |
| MARKWAYNE MULLIN, DHS Secretary; | ) | |
| CHRISTOPHER CHAMBERLAIN, Assistant | ) | |
| Field Office Director, ICE; and | ) | |
| JACOB WELSH, Warden, Chase County Jail, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

## MEMORADNUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of Colombia who entered the United States in August 2024 as a student with authorization. In April 2025, petitioner was charged in Missouri state court with criminal offenses arising from an alleged sexual assault, but those charges were dropped in January 2026. On January 22, 2026, immigration officials took petitioner into custody and initiated removal proceedings. At a hearing on February 3, 2026, an immigration judge granted petitioner's request and ordered petitioner to be released on a bond of $7,500, finding that petitioner had shown that he is neither a flight risk nor a danger to the community. The Department of Homeland Security (DHS) then invoked an

automatic 90-day stay of the bond order by filing a notice of an intent to appeal, and subsequently appealed the bond order to the Board of Immigration Appeals (BIA).  On May 4, 2026, at the expiration of the automatic stay, DHS sought and received from the BIA a discretionary stay of the bond order pending resolution of the appeal of that order. Petitioner has thus remained in custody, in this judicial district, pending his removal proceedings.  On May 14, 2026, petitioner filed the instant habeas action, and the Court subsequently ordered briefing on an expedited basis; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

The parties agree that in this period, prior to entry of a final removal order, petitioner is being detained pursuant to 8 U.S.C. § 1226(a).  Petitioner claims that the stays of the immigration judge's bond order have the effect of imposing mandatory detention in violation of that statute and due process.  The Court first notes that petitioner's claims are not barred by 8 U.S.C. § 1226(e), which precludes judicial review of any discretionary decision by the Government regarding the detention of an alien, *see id.*; as petitioner notes, he is not challenging any discretionary decision regarding his detention, but instead challenges the validity of the regulatory scheme regarding stays of a bond order.  *See*

*Demore*, 538 U.S. at 516-17 (Section 1226(e) does not preclude a habeas claim challenging the framework that permits detention without bond).

The Court first denies petitioner's statutory claim, for which petitioner has offered no directly supporting authority. Section 1226(a) provides that an alien may be detained pending a final removal decision, but that the Government may also release the alien on bond. *See* 8 U.S.C. § 1226(a). The stays delay the effect of the bond order until the bond issue is finally decided by the immigration courts, but they do not take away the possibility of release on bond that Section 1226(a) provides. Thus, the Court does not agree that the stays effectively impose mandatory detention, as the alien may yet prevail and secure release on bond – just as petitioner here may yet prevail before the BIA and be released on the terms set by the immigration judge. The stays thus only affect the timing of an alien's release, and Section 1226(a) does not require that the bond decision be finalized by any particular deadline. Petitioner has not shown that the stays of the bond order in this case violate Section 1226(a).

Next, petitioner claims that the stays violate due process. Although the Supreme Court has not addressed this precise issue, it did hold in *Demore* that mandatory detention of a criminal alien without a bond determination under 8 U.S.C. § 1226(c) did not violate due process, given the Government's interest in protecting the public and ensuring the alien's presence at removal proceedings, and given the fact that such detention has a definite end point after a relatively short period of time for removal proceedings. *See Demore*, 538 U.S. at 517-31. Here, too, detention under the stays has a definite end point, namely, the BIA's decision upon review of the bond order. This Court and others have

held that an unreasonably prolonged detention under Section 1226(c) could violate due process, with the duration of the detention as a key factor in the analysis.  *See Nguyen v. Carter*, 2026 WL 522650, at *1-4 (D. Kan. Feb. 25, 2026) (Lungstrum, J.) (citing cases). Here, however, petitioner has been detained for only four months since the bond order, well within the time periods considered by the Supreme Court in *Demore*.[1]  In addition, the issue in such cases is whether the alien should be granted an individualized bond determination with the possibility of release, *see id.* (granting relief of a bond hearing as if detained under Section 1226(a)), and petitioner already will ultimately receive such a determination in this case (from the immigration judge and from the BIA on appeal of the bond order).  Again, the issue is simply one of timing, but petitioner will receive an individualized determination of his suitability for release on bond.  Moreover, petitioner will have had the opportunity to be heard on that issue, before the immigration judge and before the BIA on appeal.  Thus, petitioner has not shown that the stays of his bond order violate due process.  *See Gill v. Raycraft*, 2026 WL 931155, at *2-3 (W.D. Mich. Apr. 7, 2026) (stays of a bond order did not violate due process in light of the relatively short duration of the detention); *Altayar v. Lynch*, 2016 WL 7383340, at *4-6 (D. Ariz. Nov. 23, 2016) (90-day automatic stay did not violate due process), *report and recommendation adopted*, 2016 WL 7373353 (D. Ariz. Dec. 20, 2026).

---

[1] That period of detention is also within the six-month period deemed presumptively reasonable by the Supreme Court for post-removal-order detention. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Petitioner cites cases in which a few courts have held that the automatic 90-day stay of a bond order violates due process. Those cases are easily distinguished from the present case, however, as in each case the Government was asserting that the alien was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), not detention under Section 1226(a), which allows for release on bond. Thus, the Government was not challenging the merits of the bond order and the issues of dangerousness and risk of flight (which the Supreme Court recognized as legitimate Governmental interest), as it does in the present case.[2] Moreover, the cases cited by petitioner involved the automatic stay (which DHS may invoke when pursuing an appeal of a bond order to the BIA), while here the bond order is presently stayed because of a discretionary decision by the BIA. Indeed, in most of the cases cited by petitioner, the court noted that any constitutional concern could be cured or alleviated by the alternative of a discretionary stay issued by the BIA, such a stay is subject to additional safeguards and removes the issue of DHS's conflicting roles as both litigant and adjudicator of the stay. *See Merchan-Pacheo v. Noem*, 2026 WL 88526, at *15 (D. Colo. Jan. 12, 2026); *Duenas Arce v. Trump*, 805 F. Supp. 3d 1072, 1082 (D. Neb. 2025); *Maldonado Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1147 (D. Nev. 2025), *appeal filed* (9th Cir. Nov. 19, 2025); *Anicasio v. Kramer*, 2025 WL 2374224, at *4 (D. Neb. Aug. 14,

---

[2] Thus in *Castro v. Bondi*, 2026 WL 890245 (D. Kan. Apr. 1, 2026) (Lungstrum, J.), cited by petitioner, this Court, after rejecting the Government's interpretation of Section 1225(b) and concluding that the alien could be detained only pursuant to Section 1226(a), ordered that the immigration judge's bond ruling in the alien's favor be given effect, with no automatic stay, because the Government had not appealed that order on the merits but had only asserted a lack of jurisdiction to consider release on bond. *See id.* at *2-3. In the present case, the Government does challenge the merits of the bond order and continues to assert that petitioner is a flight risk and would present a danger to the public if released.

2025).  Therefore, under the cases cited by petitioner, even if the automatic stay imposed in this case could be deemed to have violated due process, any such infirmity was cured by the BIA's discretionary stay, which presently prevents that bond order from taking effect.[3] Accordingly, the Court denies petitioner's due process claim.[4]

Finally, petitioner appears to claim that a DHS official's certification of the appeal from the bond order, which was required for continuation of the automatic stay, *see* 8 C.F.R. § 1003.6(c)(1), was invalid.  Again, however, even if the automatic stay invoked in this case were invalidated, the bond order would remain stayed under the discretionary order of the BIA.  At any rate, petitioner has not shown a violation of federal law here.  In the petition, petitioner alleged that the certification did not satisfy the requirements of the regulation (although he did not include any such violation in his enumerated claims for relief).  Petitioner has not established such a violation (or cited authority supporting such a claim), however.  The regulation requires certification by a senior official that the official has approved the filing of the notice of appeal and is satisfied that the factual contentions have evidentiary support and the legal arguments are warranted.  *See id.*  In this case, the official provided just such a certification, and the regulation does not require any more than

---

[3] Petitioner argues that the two stays should not be separated in this manner because the automatic stay led to the discretionary stay in this case.  As this Court has noted, however, habeas relief is forward-looking, *see Qui v. Carter*, 2025 WL 2770502, at *4 (D. Kan. Sept. 26, 2025) (Lungstrum, J.), and the present stay imposed by the BIA has not been shown to violate due process.  Petitioner has not cited any case in which the BIA's discretionary stay of a bond order while the Government appeals the merits of that order was held to violate due process.

[4] Because the Court concludes that the stays have not been shown to have violated Section 1226(a) or due process, it denies any claim of unlawful conduct under the Administrative Procedure Act.

that.  In his reply, petitioner appears to assert a new claim that the certification does not satisfy constitutional requirements.  Even if the Court were to entertain a new claim asserted in a reply brief, it would deny this claim, as petitioner has not shown (including by citation to authority) that due process required more than the official's certification that she did in fact review petitioner's individual case and approve the appeal.  The Court denies any claim relating to the certification, and it therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of June, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

7